UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY RAY HALL, :
: NO. 1:06-CV-00723
    Petitioner, :
:
:
v. : **OPINION AND ORDER**
:
:
RONALD HART, :
:
    Respondent. :

    This matter is before the Court on the Magistrate Judge's December 4, 2007 Report and Recommendation (doc. 8), to which no objection was filed. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety.

**I. Background**

    A jury in the Butler County Court of Common Pleas found Petitioner guilty of aggravated robbery with a firearm specification on January 3, 2005 (doc. 6). On February 8, 2005, the court sentenced Petitioner to a four year term and a three year term to run consecutively (Id.). Petitioner's trial counsel filed a notice of appeal; an application to proceed in forma pauperis; and a withdrawal of counsel and application for new counsel, on February 23, 2005 (doc. 8). Petitioner, himself, filed a pro se notice of appeal on March 7, 2005 (Id.).

    On March 8, 2005, the state appellate court appointed

Petitioner's trial counsel to represent him on appeal (Id.). Two days later, the court consolidated the February 23, 2005 and March 7, 2005 appeals (Id.). The appeals court issued an order on March 15, 2005 which required a transcript of the lower court proceedings be filed by April 20, 2005, or in the alternative, a Notice of Appellate Rule 5 had to be filed within thirty days of the filing of the notice of appeal (Id.). The appellate court then entered an order, on May 9, 2005, requiring the petitioner to show cause within ten days, or on or before the twentieth of May, why the appeal should not be dismissed for failure to file a transcript (Id.). The appeals court dismissed Petitioner's appeal with prejudice on June 6, 2005 (Id.).

On June 20, 2005, the trial court issued an order for the transcripts (Id.). Three days later, the Butler County clerk issued notice that the record was complete (Id.). On December 9, 2005, Petitioner filed a pro se motion for an extension to file a transcript with the appellate court, explaining that he had not been appointed counsel (Id.). The appellate court denied the motion, stating the case had been dismissed on June 6, 2005, for failure to file a transcript (Id.) Petitioner then filed a pro se motion, on March 20, 2006, to release the trial court's transcripts to Petitioner's appointed counsel (Id.).

Approximately two months later, on May 30, 2006, Petitioner filed a pro se motion for leave to file a delayed appeal

based on ineffective assistance of counsel (Id.). Attached to Petitioner's motion were two letters from his counsel (Id.). The first letter, dated March 4, 2005, stated that his attorney had filed a timely notice of appeal; believed he would receive a scheduling order and other documents within the following weeks; and that the appeal would be completed within a six to nine month period (Id.). The second letter from Petitioner's counsel, dated November 18, 2005, informed Petitioner of the entry of a motion, by the appellate court, denying the extension of time to file the trial transcript, and further stated that the attorney had not been provided with "'documentation . . . to perfect [Petitioner's] appeal'" (Id. citing doc. 6, ex. 18). On February 15, 2007, the court of appeals denied Petitioner's motion for leave to file a delayed appeal; reasoning that Petitioner was properly before the court on the original notice of appeal and thus his remedy was to file an application to have the case reopened under Ohio R. App. P. 26(B) (Id.). Petitioner failed to appeal the appellate court's decision to the Ohio Supreme Court and also did not file a petition to reopen his appeal as suggested by the appellate court (Id.).

In the interim, Petitioner filed a habeas petition, on October 27, 2006, arguing ineffectiveness of counsel and denial of his constitutional right of appeal (Id.). In support of his petition, Petitioner first alleges his counsel was ineffective as he failed to file an appellate brief (Id.). Petitioner also

alleges he was denied his constitutional right of appeal because after Petitioner filed a notice of appeal he was not appointed counsel and a year later attorney Christopher M. Alexander notified Petitioner that the trial court refused to release the trial transcript to him in order to aid him in briefing and arguing the case (Id.).

Respondent filed a return of writ contending the petition is subject to dismissal because Petitioner has failed to exhaust all of his available state court remedies (Id.). In particular, Respondent notes that Petitioner "' still has a state court remedy remaining in the form of an App. R. 26(B) application for reopening' of the direct appeal" (Id. citing Doc. 6, Brief, p.7).

**II.     The Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, the Magistrate Judge thoroughly reviewed the relevant factual background and applicable law, and concluded that the Petition should be stayed until Petitioner exhausts the available state remedy of reopening his appeal (Id.).

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus shall be denied where the state petitioner fails to exhaust all available remedies in state court (Id.). A petitioner must allow state courts an opportunity to consider their federal claims because state courts have an obligation to protect constitutional rights through a state's process of appellate

-4-

review, "which in Ohio, includes discretionary review of the state's highest court" (Id. see, O'Sullivan v. Boerckel, 526 U.S. 838,842 (1999); Haifley v. Sowders, 902 F.2d 480,483 (6th Cir. 1990); Leroy v. Marshall, 757 F.2d 94, 97, 99-100 (6th Cir. 1985), cert denied, 474 U.S. 831 (1985)).

The petitioner who fails to raise claims through the appellate review process, where an avenue yet remains, is subject to a dismissal without prejudice of his petition pursuant to 28 U.S.C. § 2254(c) (Id.). In addition to the requirement that claims be exhausted through the state courts prior to filing a federal habeas petition, Congress imposed a "one-year statute of limitations on [their] filing" in 1996 through the Antiterrorism and Effective Death Penalty Act (AEDPA) (Id.). This second requirement has led some federal courts, including the Sixth Circuit, to embrace a procedure by which habeas review is stayed and placed in abeyance (Id.). This process protects those cases, where a petition is timely filed but dismissed without prejudice for failure to exhaust, from being outside the statutory time limit when a subsequent petition is filed after state claims have finally been exhausted (Id. citing Griffin v. Rogers, 308 F.3d 647, 652 & n.1 (6th Cir. 2002); Palmer v. Carlton, 276 F.3d 777, 778-81 (6th Cir. 2002)). While the Supreme Court in Rhines v. Weber, affirmed the district courts' decisions to issue stays and abeyances in habeas proceedings, they cautioned that those orders should be

"available only in limited circumstances" where there is a showing, by the Petitioner of "good cause" (Id. 544 U.S. 267, 277-78 (2005)).

In this case, Petitioner has indeed failed to exhaust his state court remedies for the claims he has alleged in his federal habeas petition; however because Petitioner's habeas petition has been pending in the federal court for some time, without any action being taken in state court, should Petitioner seek to file a subsequent petition raising the same claims, it would be subject to dismissal with prejudice because of the statute of limitations requirements of the AEDPA (Id.).

The record supports a finding of good cause for petitioner's failure to exhaust his claims for relief prior to filing his habeas petition (Id.). Petitioner may have reasonably believed that had he not filed his habeas petition when he did, he would have missed his opportunity to file within the statute of limitations. (Id.). Furthermore, Petitioner's claims may have merit in his denial of his right of appeal because his counsel failed to comply with the appellate court order and respond to the court's order to show cause which caused the dismissal of his appeal (Id.). Finally, Petitioner has not actively "engaged in intentionally dilatory litigation tactics" (Id.). Instead, the record suggests that any delays made by Petitioner, within the state courts, occurred because of Petitioner's confusion,

"regarding the status of his appeal, whether he was being assisted by counsel on appeal, and the procedures to follow in obtaining appellate review" (Id.).

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. The Court agrees with the Magistrate Judge's recommended decision, and finds an administrative stay of Petitioner's Petition appropriate.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including, that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 8), administratively STAYS the Petitioner's habeas petition, and TERMINATES the petition on the Court's active docket pending Petitioner's exhaustion of his state court remedies (Id.). The Stay is conditioned on: (1) Petitioner filing a delayed application with the Twelfth District Court of Appeals in order to reopen his

appeal under Ohio R. App. P. 26(B) within thirty (30) days of the filing of this Order; AND (2) Petitioner filing a motion to reinstate the instant petition on the Court's active docket within thirty (30) days of exhausting the delayed reopening application remedy under state appellate review (Id.). The Court further FINDS that a certificate of appealablity should not issue under the standard set forth in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that Petitioner has failed to exhaust state court remedies, and that the case should be stayed pending exhaustion of such remedies. Finally, with respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore the Court DENIES petitioner leave to appeal in forma pauperis. Fed. R. App. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997)).

       SO ORDERED.

Dated: March 11, 2008       /s/ S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge